UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

INTERSTATE NATIONAL DEALER SERVICES,
INC.

                Plaintiff,               No.11-cv-2482 CM/JPO

-against-

DELICH & ASSOCIATES, INC., d/b/a
INNOVATIVE DEALER SOLUTIONS, and
DANNY DELICHE,

                Defendants.

## <u>JOINT PROTECTIVE ORDER</u>

Upon the Agreement and Stipulation of the Plaintiff, Interstate National Dealer Services, Inc., and Defendants, Delich & Associates, Inc., d/b/a Innovative Dealer Solutions and Danny Delich, to this Protective Order, the Court being fully advised in the premises and for good cause shown,

**ORDERS:**

**1.**      **Recitation of Facts Showing Good Cause.**  Good cause exists for the issuance of a protective order under Federal Rule of Civil Procedure 26(c), protecting Plaintiff Interstate National Dealer Services, Inc.'s documents which many include confidential and proprietary information, which may be requested and produced during this litigation.  If this confidential and proprietary information were known in, or disclosed to, the general public, such knowledge,

disclosure or use could lead to an unfair competitive and financial disadvantage to Interstate National Dealer Services, Inc. regarding ongoing business concerns and relationships. Such documents related to Interstate National Dealer Services, Inc.'s warranty program, particularly pricing and cost information, could lead to an unfair competitive and financial disadvantage to Interstate National Dealer Services, Inc. The purpose of this Order is to facilitate the exchange of information between the parties and to prevent the disclosure of matters deemed confidential under the terms of this Order to persons or entities other than those involved in the prosecution or defense of this litigation. The Order is necessary to protect the parties and other persons from annoyance, embarrassment and unlimited disclosure of private and proprietary information.

    2.    **Confidential Information.** The Court orders that certain categories of documents and information, if produced or disclosed during this litigation, shall be used only for purposes of this lawsuit and will be treated as confidential. The Court further orders that Confidential Information shall include the following:

    a.    Non-public financial, corporate and/or proprietary information of Plaintiff, which consist of the following non-public and confidential documents:

    i.    Any documents produced by Interstate National Dealer Services, Inc. considered by Interstate National Dealer Services, Inc. to be proprietary in nature and unique in its industry.

    3.    **Designating Documents and Interrogatory Answers as Confidential.** Any party to this action may designate as "Confidential Information" a document or interrogatory answer produced after entry of this Order by conspicuously stamping or labeling the document or interrogatory answer with the word "Confidential," as long as the party has a good faith basis for

so doing and the information falls within the categories listed in Paragraph 2.  Documents or information produced by any party shall not be treated as confidential pursuant to this Order unless they are stamped or labeled in such a fashion except as provided in this Order.  The inadvertent failure to designate material as "Confidential" does not preclude a party from subsequently making such a designation, and, in that case, the material is treated as confidential only after being properly designated.  Unless otherwise ordered by the Court or stipulated by the parties, only documents, interrogatory answers, or deposition testimony relating to the subjects enumerated in paragraph 2 may be designated as Confidential Information.

Parties to this action may also designate deposition testimony relating to the subjects enumerated in paragraph 2 above as "Confidential Information" by advising opposing counsel of record, in writing, within fifteen (15) days after receipt of a copy of the transcript, or such other time period as may be mutually agreed upon by the parties, of the pages and lines of the deposition which the party believes fall under paragraph 2.  Alternatively, any party may, on the record at the deposition, designate deposition testimony as Confidential by advising all persons present that the party believes that the portion of the deposition in question falls under the scope of this Order.

4.    **Disclosure of Confidential Information.**  Any information or documents which are marked as Confidential pursuant to Paragraphs 2 and 3 are to be treated as such by the party receiving the discovery and shall be utilized by such party only for the prosecution or defense of this case.  Except as agreed upon by the parties, or ordered by the Court, disclosure of such material or information contained therein is limited to:

    a.    The parties in the present matter;

    b.    Their counsel, counsel's legal and clerical assistants and staff;

c.      Persons with prior knowledge of the documents or the Confidential Information contained therein;

d.      Court personnel, including court reporters, persons operating video recording equipment at depositions, and any special master or mediator;

e.      Any independent documentation reproduction services or document or video recording and retrieval services; and

f.      Any expert witness or outside consultant retained or consulted by the parties.

Counsel shall advise all persons to whom discovery materials are disclosed pursuant to this paragraph of the existence of this Order.  Before any discovery materials are disclosed to any individual pursuant to subpart f of this paragraph, the individual must first sign the Declaration attached hereto as Exhibit A.

5.      **Disputes Concerning Designation(s) of Confidential Information.**  In the event either Party disagrees at any stage of the proceedings with the designation of information as confidential, the receiving party shall first inform the producing party of its objection in writing to counsel for all parties.  A written objection shall identify the information or documents challenged and shall inform all parties of the grounds for challenging the information.  Upon receipt of a written objection, all parties shall confer in good faith at the earliest possible time to resolve the matter on an informal basis.

If the dispute cannot be resolved informally, the party requesting confidentiality of the information may apply for appropriate relief from this Court as follows.  Within ten (10) days from the parties' informal conference referenced above, the party requesting confidentiality shall file a motion with this Court requesting relief.  The party requesting confidentiality shall have the burden

4

of proof to demonstrate that the documents fall within one of the categories listed in Paragraph 2 of this Order.  Until this Court rules on the motion, the information must be treated as confidential.

      **6.**     **Binding Effect of This Order.**  This Order is binding upon the parties, agents and employees of the parties, counsel for the parties and agents and employees of counsel for the parties.

      **7.**     **Use of Confidential Information.**  The parties and their counsel shall exercise reasonable care not to disclose information contained in these confidential documents by placing them in the public record in this case.  If a party wishes to use any confidential information in any affidavit, brief, memorandum, oral argument, or other paper filed in this Court in this case, such paper or transcript may be filed under seal only upon separate, specific motion and later order of the Court.  The parties and their counsel, however, have the right to use any such information contained in these documents, or the documents themselves, in depositions and the trial of this case.  The parties do not waive any right to object at trial to the admissibility of any document, which falls under the scope of this Order, or portion thereof, or the right to file a motion *in limine* regarding the use of any such documents.

      **8.**     **Return of Confidential Information.**  At the conclusion of this litigation, including all appeals, the parties' respective counsel shall, within thirty (30) days, and upon written request by the other party, return all documents which fall under the scope of this Order.  If respective counsel fails to make a written request for the return of documents within thirty (30) days of the conclusion of this litigation, their right to do so is waived, and other counsel will destroy such records, and all duplicates thereof, produced by another party.  The parties, however, may retain any documents for purposes of preserving a file in this matter or those admitted as exhibits in this case.

Dated December 12, 2011, at Kansas City, Kansas.

 s/ James P. O'Hara   
James P. O'Hara
U.S. Magistrate Judge

**Submitted as to Form:**

SHERMAN TAFF BANGERT
  THOMAS & CORONADO, P.C.

/s/ Paul F. Gordon
    Steven F. Coronado          KBN 14418
    Paul F. Gordon              KBN 19197
    1100 Main Street, Suite 2001
    P.O. Box 26530
    Kansas City, Missouri 64196
    Telephone: (816) 471-6900
    Facsimile:  (816) 471-6642
    Email:  sfc@stb-law.com
        pfg@stb-law.com
ATTORNEYS FOR PLAINTIFF

SMITH COONROD MOHLMAN, LLC

/s/ Brett C. Coonrod
Brett C. Coonrod
7001 West 79th Street
Overland Park, Kansas 66204
Telephone:  (913) 495-9965
Facsimile:  (913) 894-1686
Email:  bcoonrod@smithcoonrod.com
ATTORNEYS FOR DEFENDANT

{00212221.DOC; 1 }

6

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

INTERSTATE NATIONAL DEALER SERVICES,
INC.

              Plaintiff,                       No.11-cv-2482 CM/JPO

-against-

DELICH & ASSOCIATES, INC., d/b/a
INNOVATIVE DEALER SOLUTIONS, and
DANNY DELICHE,

              Defendants.

**<u>DECLARATION AND EXHIBIT "A" TO PROTECTIVE ORDER</u>**

       I hereby affirm that I have read the foregoing Protective Order, understand its terms, and agree to be bound by the terms thereof.

                                _____

                                Signature

                                _____

                                _____

                                Address

                                _____

                                Phone

7

SHERMAN TAFF BANGERT                   SMITH COONROD MOHLMAN, LLC
  THOMAS & CORONADO, P.C.

/s/ Paul F. Gordon                                      /s/ Brett C. Coonrod
    Steven F. Coronado    KBN 14418   Brett C. Coonrod
    Paul F. Gordon       KBN 19197   7001 West 79th Street
    1100 Main Street, Suite 2001     Overland Park, Kansas 66204
    P.O. Box 26530               Telephone:  (913) 495-9965
    Kansas City, Missouri 64196      Facsimile:  (913) 894-1686
    Telephone: (816) 471-6900       Email:  bcoonrod@smithcoonrod.com
    Facsimile:  (816) 471-6642       ATTORNEYS FOR DEFENDANT
    Email:  sfc@stb-law.com
          pfg@stb-law.com
ATTORNEYS FOR PLAINTIFF

8